UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ALFRED D. CHAMBERS
Defendant.

Criminal No. 05-242M

**FILED**

MAY 0 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DETENTION MEMORANDUM

The Defendant, Alfred Chambers, has been charged in a criminal complaint with unlawful,
knowing, and intentional distribution of a mixture and substance containing a detectable amount of
cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, violation of 21
U.S.C. § 841(a)(1). The government requested a detention hearing, which was held on May 3, 2005.
At the conclusion of the hearing, the Court found that the Defendant should be held without bond.
This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall
include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C.
§ 3142(i)(1).

### Findings of Fact

- 1 -

At the detention hearing Officer Charles Fultz of the Metropolitan Police Department testified for the government. According to Officer Fultz, the Defendant was apprehended on April 28, 2005 at approximately 1:45 p.m. at the 600 block of 20th Street, N.E., in the District of Columbia during a 'buy bust' operation.

Multiple undercover officers, according to Officer Fultz, observed an unidentified individual approach the Defendant and initiate a drug sale. The Defendant reached into his pants and retrieved a clear plastic bag and handed it to the individual in exchange for U.S. currency.

The Defendant was then observed as he approached a vehicle and gave to the driver of that vehicle a green baggy containing a white rock like substance, later identified as crack cocaine, in exchange for U.S. currency. After the vehicle left the scene it was stopped by officers of the MPD and the green baggy was recovered. Its contents tested positive for cocaine.

An undercover officer attempted to purchase from the Defendant two 'dime bags' but was told by the Defendant that he did not sell 'dime bags.'

The Defendant was arrested by the undercover police officer. Recovered from the Defendant's groin area was a clear zip-lock bag containing smaller green baggies each containing a white rock like substance, which tested positive for cocaine. The total amount of cocaine recovered from the Defendant was 6.8 grams. Additionally, the police recovered from the Defendant $1,232 in U.S. currency.

A search of a nearby vehicle to which the Defendant had a key uncovered an additional 42 grams of cocaine packaged in ten dark ziplock bags.

**Discussion**

Having heard the testimony at the May 3, 2005 hearing, the Court found that there is probable

cause to believe that the Defendant committed offenses in violation of 21 U.S.C. § 841(a)(1).

When, as here, the Court finds that there is probable cause to believe that a Defendant has committed

a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is

prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community,

and no pretrial release condition or combination of conditions may be imposed to assure his future

presence in court or to reasonably assure the safety of the community, he should not be released

pending trial.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in

pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or

combination of conditions will reasonably assure . . . the safety of any other person and the

community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C.

§ 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial

detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100,

113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the

Defendant's future presence in court or assure the safety of any other person and the community, the

judicial officer shall take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the

Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the

nature and seriousness of the danger to any person or to the community which would be posed by

- 3 -

the Defendant's release. <u>See</u> 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant was in possession of a large amount of cocaine when he was arrested. The quantity of the narcotics sold by this Defendant to the two individuals observed by the police strongly indicate the Defendant was engaged in narcotics trafficking. Thus, the charges are most serious.

The second factor, the weight of the evidence, also favors detention. The police have eye witnesses to the drug sales. Furthermore, the substance sold to the woman in the vehicle field tested positive for crack cocaine.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. According to the government, the Defendant has several prior convictions including two escape convictions. Furthermore, this Defendant was only recently released from supervision on a prior conviction.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant's current charge before this Court involves narcotics. This clearly demonstrates that he is a substantial danger to the community. The persistent problem of drug trafficking reported on consistently by the news media bears graphic witness to the fact that narcotics trafficking is an offense that tears the very fabric of our community. The nature and seriousness of the danger to the community can hardly be overstated.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court

concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release

would constitute an unreasonable risk of danger to the community.  The presumption in favor of

detention established by the statute has not been overcome by the Defendant in this case.  Moreover,

upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that

no condition or combination of conditions can be imposed to reasonably assure the safety of the

community.  Therefore, the government's motion for pretrial detention is granted.


Dated: May 4, 2005

_____

ALAN KAY
UNITED STATES MAGISTRATE JUDGE