# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 05-201 (RJL) |
| | : | |
| ALFRED D. CHAMBERS | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF
## EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

### Factual Background

1.     The defendant has been charged in a nine-count indictment with one count of Unlawful Distribution of Cocaine Base, in violation of Title 21, U.S.C. § 841(a)(1) and 841(b)(1)(C); two counts of Unlawful Possession with Intent to Distribute Five Grams or More of Cocaine Base, in violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii); one count of Unlawful Possession with Intent to Distribute 50 grams or More of Cocaine Base, in violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii); one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1); and one count of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18 U.S.C. §924(c)(1).

2.    On or about April 28, 2005, at about 1:45 P.M., members of the Metropolitan Police Department Major Narcotics Branch conducted a Buy/Bust operation in the area of 20th and Rosedale Streets, Northeast Washington, D.C.  An undercover officer, hereinafter "UC", observed defendant Chambers hand a green ziplock bag to an unidentifiable male, in exchange for U.S. currency. Following the exchange, a dark grey Chrysler Sebring pulled behind the car that the UC was waiting in.  The Chrysler Sebring was occupied by co-defendant Evelyn Wilson.  Defendant Chambers walked to the driver's side door of the Chrysler Sebring, took a small object from the ziplock bag, gave it to co-defendant Wilson, and she in turn gave him U.S. currency.  The UC then approached defendant Chambers, asked him for two dimes, to which defendant Chambers responded by saying that he did not sell dimes.  The UC then returned to a car and broadcasted a lookout for the Chrysler Sebring, occupied by defendant Wilson.

Shortly thereafter, members of the arrest team moved into the area and co-defendant Wilson was stopped in front of xxx xx xxxxxxxx xx, Washington, D.C., and defendant Chambers was stopped at 20th Rosedale Street, N.E., Washington, D.C.  At the time of his arrest, defendant Chambers had on his person nine green ziplock bags, which contained a total of 42.5 grams of white rocklike substance, which later tested positive for cocaine, and $1,232.00 of U.S. currency. Defendant Chambers also gave consent to search his black Ford Explorer.  The Ford Explorer, registered to defendant Chambers, contained ten large, dark, ziplock bags and a clear plastic baggy, with a rocklike substance in each, which later tested positive for cocaine that is found in crack cocaine.

On May 3, 2005, at approximately 5:10 P.M., following the arrest of defendants Chambers and Wilson, a search warrant was executed at defendant Chambers' residence, located at 42nd Street,

-2-

N.E., #40, Washington, D.C. In the residence, officers recovered the following items: a .380 caliber handgun with one magazine containing seven live rounds of .380 ammunition; a black holster; a plastic bag containing a box of live ammunition and loose live ammunition, and an empty magazine; a rifle cleaning kit; a false bottom container containing a digital scale with white residue; another false bottom container containing two digital scales with white residue; several empty ziplock bags with white residue; a backpack containing a plate with white residue, a cashier's check in the amount of $18,500.00, a freezer bag containing 169.34 grams of a loose, rocklike substance, and $3,563.00 in U.S. currency.

### Other Crimes and Bad Acts by the Defendant

1.    The government seeks to introduce the facts and circumstances surrounding defendant Chambers' previous gun related convictions and/or arrests. On November 16, 1973, defendant Chambers was convicted of armed robbery (gun) and second-degree burglary in D.C. Superior Court. Moreover, on October 11, 1979, defendant Chambers was convicted with of assault with a deadly weapon (gun) in D.C. Superior Court, case number F2408-78.[1]

### Legal Analysis

1.    Evidence of other crimes, wrongs or acts is admissible under Federal Rules of Evidence 404(b) if offered for a permissible purpose. Such permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990), cert. denied, 498 U.S. 825 (1990). In determining admissibility of 404(b) evidence, courts undertake a two-part analysis. Initially, the

---

[1]  Upon receipt of files and documents pertaining to these previous gun related incidents, the Government will promptly provide defense counsel with the relevant specific information.

Court considers whether the evidence is relevant pursuant to the standard set forth in Fed. R. Evid. 404(b). "[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." Miller, 895 F.2d at 1436.[2] If the Court deems the evidence to be relevant, the Court then must determine whether the prejudicial impact of the testimony substantially outweighs its probative value. See Fed. R. Evid. 403; United States v. Moore, 732 F.2d 983, 987 (D. C. Cir. 1984).[3] In close cases, the rule tilts toward the admission of the prior misconduct evidence. Id. at 989; United States v. James Johnson, 802 F.2d 1459, 1463-64 (D.C. Cir. 1986)("the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged.") (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)).

2.      Subject to balancing, a court should admit 404(b) evidence to prove such elements if the 404(b) evidence requires the same intent as the charged offense, and the jury could conclude that the defendant committed the offense. United States v. Williams, 895 F.2d 1202, 1205-1206 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986 and 1987 was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his

---

[2]      In the context of 404(b), similar act evidence may be admissible if the jury can reasonably conclude that the act occurred and that the defendant was the actor. A preliminary finding by the court that the Government has proved the act by a preponderance of the evidence is not called for under Rule 104(a). Huddleston v. United States, 485 U.S. 681 (1988).

[3]      Naturally, nearly all evidence offered by the government in a criminal proceeding will be arguably prejudicial to the defendant. However, it is only when the prejudicial effect of the evidence is unfair and substantially outweighs the probative value of the evidence that the evidence should be excluded. United States v. Moore, supra, 732 F.2d at 989. In making this determination, the trial court is granted wide latitude and its decision will be reviewed only for "grave abuse." United States v. Washington, 969 F.2d 1073, 1081 (D.C. Cir 1992), cert. denied, 113 S. Ct. 1287 (1993).

-4-

apartment during execution of search warrant in 1988, and to show knowledge).

  3.  Numerous cases establish that evidence of a prior or subsequent possession of a firearm is admissible as 404(b) evidence. This Circuit has not hesitated to permit the introduction of the possession of another firearm as 404(b) evidence in a firearm case. In United States v. Brown, 16 F.3d 423 (D.C. Cir. 1994), the defendant had been charged with six drug charges and two firearms charges. In addressing the issue of joinder raised by the defendant on appeal, the Court also addressed the issue of cross-admissibility of evidence pursuant to Fed. R. Evid. 401, 402, 403, and 404(b). In that case, the police executed a search warrant at the home of the co-defendant and there recovered drugs and guns in a safe. When arrested three months later, defendant Brown was carrying a pistol and pager. In affirming defendant Brown's conviction, the court held that the pager and gun found on the defendant when he was arrested would have been admissible as 404(b) evidence had he been tried only on the gun and drug charges arising from the search warrant. Id. at 430-31.

  Specifically, the Court found that the gun recovered during the arrest was cross-admissible under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe during the November Search." Id. at 431. The Court next found that the evidence was more probative than prejudicial because the gun found during the arrest "tends to make it less probable that the pistols found in the safe during the November Search were there by mistake or without intent." Id. at 432; see also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities as well as prior possession of a firearm was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm).

  4.  Several decisions from other circuits have similarly held that possession of a firearm

on one occasion is probative of possession on an earlier or later occasion.  See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of prior possession of firearm properly admitted over Rule 403 objection as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered machine gun, evidence of defendant's subsequent possession of handguns properly admitted over Rule 403 objection as proof of defendant's "knowledge, and absence of mistake or accident"); United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (evidence of prior gun possession properly admitted over Rule 403 objection to prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) ( in trial for carrying a firearm in connection with a drug trafficking crime, evidence of prior gun possession properly admitted over Rule 403 objection because prior possession was probative of knowledge).  Evidence of the defendant's prior possession of a firearm and ammunition should be admitted, therefore, to prove that the defendants' possession was knowing and intentional, as well as to show absence of mistake or accident.  See also United States v. Teague, 737 F.2d 378, 381 (4th Cir. 1984).

5.       Evidence of the prior possession of a firearm by the defendant is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence in a felon-in-possession case brought under 18 U.S.C. § 922(g), even if the defendant agrees to stipulate that he was previously convicted of a crime punishable by imprisonment for more than one year.  In Old Chief v. United States, 519 U.S. 172 (1997), the Supreme Court held that when a defendant in a felon-in-possession case offers to stipulate to his status as a felon, "evidence of the name or nature of the prior offense generally carries the risk of unfair prejudice." Id. at 185.  Where such a risk substantially outweighs the probative value of the details of the prior conviction, it is an abuse of discretion not to accept an admission in

a stipulation. <u>Id.</u> at 190-91. This normally applies, however, "only when the record of conviction would not be admissible for any purpose beyond proving status." <u>Id.</u> at 190. It does not apply if there is another "justification for receiving evidence of the nature of the prior acts on some issue other than status (i.e., to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident')," such as under Rule 404(b) of the Federal Rules of Evidence. <u>Id.</u> (quoting Fed. R. Evid. 404(b)). In such a case Rule 404(b) would "guarantee[] the opportunity to seek its admission. <u>Id.</u> In the present case, the defendant's prior convictions are admissible for purposes beyond proving status, and Rule 404(b) of the Federal Rules of Evidence justifies the admission of evidence of the prior firearm possession.

7. Any potential prejudice flowing from admitting this evidence can be cured by the Court giving an appropriate jury instruction. "[I]t is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice." <u>United States v. Perholtz</u>, 842 F.2d 343, 361 (D.C. Cir.), <u>cert. denied</u>, 488 U.S. 821 (1988) (citation omitted). <u>Accord Zafiro v. United States</u>, 506 U.S. 534, 540-41.

WHEREFORE, the government respectfully requests that it be permitted to introduce the above-referenced Rule 404(b) evidence at trial.

Respectfully submitted,
KENNETH L. WAINSTEIN
United States Attorney


_____
ALEXANDER P. SHAWE
ASSISTANT UNITED STATES ATTORNEY
Bar No. 472492
(202) 514-9519

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I caused an electronic copy of the foregoing to be served on Michael Blumenthal, attorney for defendant Alfred Chambers, this ___ day of July 2005.


_____
ALEXANDER P. SHAWE
Assistant United States Attorney